IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EARL FABER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-CV-3628-MAB |
| | ) |
| DR. SIDDIQUI, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Presently before the Court is a Motion to Dismiss filed by Defendant Tawanna King, M.D. (Doc. 84). For the reasons set forth below, Defendant King's Motion to Dismiss is DENIED (Doc. 84).

### BACKGROUND

Plaintiff Earl Faber, an inmate of the Illinois Department of Corrections, filed this action on November 8, 2023, pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while incarcerated at Menard Correctional Center (*see* Docs. 1, 11). Plaintiff's Complaint alleges that he was denied or delayed adequate medical treatment for an ankle injury that initially occurred in May 2021 (Doc. 11 at p. 2). As it relates to Defendant King, the Complaint alleges Plaintiff saw Defendant King, then a nurse practitioner, on August 23, 2021 (*Id.* at p. 3; *see also* Doc. 1 at p. 11). Plaintiff told Defendant King of his ankle pain and advised her that he needed an MRI to confirm that his tendon was injured (Doc. 11 at p. 3). However, Defendant King did not provide any aid to Plaintiff (*Id.*).

The Court conducted a preliminary review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A on May 14, 2024 (*see generally Id.*). At that time, Plaintiff was permitted to proceed on the following claim:

> **Count 1:** Eighth Amendment deliberate indifference claim against Siddiqui, King, Hill, Moldenhauer, Crain, and Martin for delaying and/or denying Plaintiff adequate medical care for his ankle injury.

(*Id.* at p. 5).

In response to Plaintiff's Complaint, Defendant King filed the instant Motion to Dismiss on March 25, 2025 (Doc. 84), which includes a supporting affidavit she prepared on the same date (*Id.* at pp. 7-8). Plaintiff did not respond to Defendant King's motion.

<u>**LEGAL STANDARD FOR MOTION TO DISMISS**</u>

A motion to dismiss under Rule 12(b)(6) addresses the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *See, e.g., Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 512-13 (7th Cir. 2020). However, "legal conclusions and conclusory allegations . . . are not entitled to this presumption of truth." *Id.* at 513 (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S, 555, 557 (2007)). "[W]hile a complaint does not need 'detailed factual allegations' to survive a 12(b)(6) motion to dismiss, it must allege sufficient facts 'to state

a claim to relief that is plausible on its face.'" *Dix*, 978 F.3d at 512-13 (quoting *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014)).

Additionally, while "a plaintiff is not required to anticipate and refute defenses in his complaint," a complaint may be properly dismissed by the Court if "the allegations of the complaint show that relief is barred by the applicable statute of limitations." *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 802 (7th Cir. 2008) (internal quotation marks and citations omitted). In other words, "[o]nly when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004); *see also Fulgham v. Admire*, 23-2986, 2025 WL 1511099, at *2 (7th Cir. May 28, 2025) ("Although a plaintiff need not anticipate or rebut a statute-of-limitations defense in his complaint, dismissal is appropriate if the allegations in the complaint show that the statute of limitations is an impenetrable bar to recovery. But dismissal (rather than judgment on the pleadings or summary judgment) for untimeliness is the exception, not the rule[.]").

## Discussion

Defendant King argues that Plaintiff's claim against her must be dismissed because it is barred by the applicable statute of limitations (*see generally* Doc. 84). More specifically, Defendant King contends that she treated Plaintiff once on August 23, 2021, and had no further interactions with him prior to leaving her position at Menard on October 8, 2021 (*Id.* at pp. 3, 7-8). As a result, Defendant King asserts that Plaintiff's claim against her accrued, at the latest, on October 8, 2021 (*Id.*). Consequently, she argues

Plaintiff's claim against her is facially untimely under the applicable two-year statute of limitations because his Complaint was not filed until November 8, 2023 (*Id.*).

The statute of limitations to bring claims under 42 U.S.C. § 1983 is determined by state law. *See Brown v. Dart*, 876 F.3d 939, 940 (7th Cir. 2017). Thus, "[u]nder Illinois law, a plaintiff has two years to bring a § 1983 claim." *Id.* (citing 735 ILCS 5/13-202). Meanwhile, the date a claim begins to accrue is determined by federal law. *Id.* Under federal law, a section 1983 claim begins to accrue "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016) (internal quotation marks and citations omitted); *see also Devbrow v. Kalu*, 705 F.3d 765, 768 (7th Cir. 2013) ("A § 1983 claim to redress a medical injury arising from deliberate indifference to a prisoner's serious medical needs accrues when the plaintiff knows of his physical injury and its cause."). In addition, "[f]or continuing Eighth Amendment violations, the two-year period starts to run (that is, the cause of action accrues) from the date of the last incidence of that violation, not the first." *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). However, even under a continuing violation theory, "if a defendant leaves the institution altogether, his [or her] involvement in the alleged wrong is over. The date of the defendant's departure thus marks the last possible time when the claim might have accrued." *Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 518 (7th Cir. 2019).

Moreover, the Court is bound to apply state tolling rules. *See McNeal v. Bryant*, No. 18-CV-1468-MJR, 2018 WL 4362579, at *2 (S.D. Ill. Sept. 13, 2018). In Illinois, "the operation of 735 ILCS 5/13-216 has the effect of tolling the limitation period while a

prisoner completes the administrative grievance process." *Id. See also Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) ("There can be no question that a federal court applying Illinois law must toll the statute of limitations if a 'statutory prohibition' exists that prevents a plaintiff's cause of action."). Therefore, Plaintiff's claims were tolled while he was completing the IDOC's administrative grievance process.

      Dispositively, Defendant King has not identified any point in Plaintiff's Complaint wherein he alleges when Defendant King left her position at Menard (*see generally* Doc. 84). The Court has also independently reviewed the Complaint and found no such pleading (*see generally* Doc. 1). This alone dooms Defendant King's motion under Rule 12(b)(6) because, rather than relying upon any allegations in Plaintiff's Complaint or documents attached to that pleading, Defendant King's motion instead relies upon an affidavit that she prepared on March 25, 2025 (i.e., over a year and four months after Plaintiff filed his Complaint), and attached to her Motion to Dismiss (*see* Doc. 84 at pp. 7-8). *See Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim."). For this reason, Defendant King's employment-based accrual argument is not appropriately raised in a motion to dismiss. *See Bartole v. Goldsmith*, 2:23-CV-407-PPS-APR, 2024 WL 4433452, at *2 (N.D. Ind. Oct. 4, 2024) ("Notably, the motion to dismiss relies on the affidavit of the assistant jail commander, which suggests that the arguments in this motion are more appropriately raised at the summary judgment stage."). Thus, because Defendant King has not attempted to establish that anything in Plaintiff's Complaint

unequivocally demonstrates that Plaintiff's claim against her is facially barred by the statute of limitations, Defendant King's Motion to Dismiss is DENIED (Doc. 84).

Nevertheless, even if the Court were to convert Defendant King's 12(b)(6) motion into a motion for summary judgment under Rule 56[1]—other documents attached to Plaintiff's Complaint rebut Defendant King's statute of limitations defense by demonstrating that Plaintiff's claim against Defendant King was subject to tolling for a period of more than one month.[2] Specifically, Plaintiff's Complaint included Grievance No. 195-10-21 as an exhibit (*see* Doc. 1 at pp. 27-30). That grievance, dated October 16, 2021, challenges the medical care Plaintiff experienced and specifically discusses his appointment with Defendant King on August 23, 2021 (*Id.* at p. 28). It then continues by stating that Defendant King could have referred him for an MRI and she was "obligated to provide [Plaintiff] with adequate medical treatment for my serious medical needs." (*Id.*

---

[1] *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 719 (7th Cir. 1993) ("A complaint that on its face reveals that the plaintiff's claim is barred by a statute of limitations or repose can be dismissed on a motion to dismiss, in accordance with the principle noted above that a plaintiff can plead himself out of court; and if the suit is not vulnerable to such disposition only because the complaint omits the date at which the statutory period began to run, the defendant can supply that fact by an affidavit attached to his motion to dismiss. The motion will then be treated as a motion for summary judgment, Fed. R. Civ. P. 12(b), 56, and if the date is uncontestable and no tolling rule is possibly applicable, the suit will be dismissed in the blink of an eye.").

[2] In other words, the Court has briefly analyzed Grievance No. 195-10-21 because it demonstrates that Plaintiff's claim was tolled for more than one month while he was exhausting his administrative remedies. To be clear, however, Plaintiff's Complaint did not need to include these records to anticipate Defendant King's statute of limitations defense. *See, e.g., Owens v. Acevedo*, 13-CV-0594-MJR-SCW, 2014 WL 13133855, at *6 (S.D. Ill. Nov. 10, 2014), *aff'd sub nom. Owens v. Evans*, 878 F.3d 559 (7th Cir. 2017) ("The effect of those apparently incomplete grievances/appeals is unclear, and dismissing Plaintiff's claims based on an assumption—even a reasonable one—that Plaintiff should have filed suit sooner would amount to construing facts *against* Plaintiff, something courts are forbidden to do at the dismissal stage."). Instead, the Complaint only needed to avoid pleading or attaching documents that alleged facts which facially established that Plaintiff's claim against Defendant King was barred by the statute of limitations. *See Foss v. Bear, Stearns & Co., Inc.*, 394 F.3d 540, 542 (7th Cir. 2005) ("[T]he period of limitations is an affirmative defense that a complaint need not address. Unless the complaint alleges facts that create an ironclad defense, a limitations argument must await factual development.").

at pp. 28-29). After being deemed an emergency, the Warden concurred in the Grievance Officer's recommendation on October 25, 2021 (*Id.* at pp. 31-32). And significantly, Plaintiff also attached ARB records to his Complaint which reflect that his appeal of Grievance No. 195-10-21 was denied by the ARB on November 18, 2021 – one month and two days later (*Id.* at p. 34).[3]

Thus, the exhibits attached to Plaintiff's Complaint demonstrate a tolling period of no less than one month and two days (*Id.* at pp. 27-34). Therefore, even if the Court were to construe Defendant King's motion as one for summary judgment, Plaintiff's claim against Defendant King is not barred by the applicable statute of limitations because that claim was tolled for a period of no less than one month and two days while Plaintiff exhausted his administrative remedies (*see Id.*).[4] *See also Harmon v. Jordan*, 12-CV-0021-MJR-SCW, 2013 WL 4410995, at *3 (S.D. Ill. Aug. 15, 2013) ("The tolling of a

---

[3] Furthermore, that ARB decision was postmarked as being received by Menard on December 2, 2021 (*see* Doc. 1 at p. 34). Therefore, even assuming Plaintiff received the ARB's decision on the same day it arrived at Menard, the statute of limitations would also be tolled for the two-week period in which Plaintiff was waiting to receive that decision. *See Walker v. Porter*, 21-CV-1171-NJR, 2023 WL 403946, at *4 (S.D. Ill. Jan. 25, 2023) ("The tolling period starts when the prisoner files his grievance and ends when the administrative review process is over."); *Watkins v. Mohan*, 144 F.4th 926, 943 (7th Cir. 2025) (Explaining that equitable tolling could apply to the period of time after an inmate's suit was dismissed until the date he actually received notice of that dismissal, following Covid-19 related prison mailing delays, because, "[u]ntil Watkins was notified of the dismissal of *Watkins I*, he did not have any reason to believe he needed to do anything more to preserve his FTCA claim."); *Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548, 562 (7th Cir. 1996) (stating that inadequate notice was a factor that may justify equitable tolling).

[4] The Seventh Circuit recently declined to address the related question of whether "the gap between claim accrual and grievance filing is included in the tolling period." *Schlemm v. Pizzala*, 94 F.4th 688, 690 (7th Cir. 2024). While other Seventh Circuit opinions and Judge Hamilton's concurrence in *Schlemm* would appear to indicate that tolling begins as soon as a claim accrues, the Court need not address that question here because Plaintiff's claim was tolled for a sufficient length of time under either approach. *See Id.* at 692-695 (Hamilton, J., concurring); *Bowers v. Dart*, 1 F.4th 513, 518 (7th Cir. 2021); *Johnson v. Rue*, 3:21-CV-00779-NJR, 2025 WL 2771329, at *3 (S.D. Ill. Sept. 26, 2025) ("Because either method gives us the same result in this case, the Court assumes without deciding that the more generous approach—that the limitations period is tolled from the time a claim accrues until the end of the grievance process—should be applied.").

prisoner's statute of limitations is a well-established legal principle that should be accounted for every time an institutional defendant raises a statute of limitations defense—especially where, as here, the plaintiff attaches so much grievance material to the complaint."). For this additional reason, Defendant King's Motion to Dismiss is DENIED (Doc. 84).

## CONCLUSION

For the reasons discussed above, Defendant King's Motion to Dismiss is **DENIED** (Doc. 84). Defendant King shall file her Answer to the Complaint on or before January 20, 2026.

**IT IS SO ORDERED.**

**DATED: January 6, 2026**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**